## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA
## MIAMI DIVISION

| | |
|---|---|
| **GRILLO'S PICKLES, INC.** | Case No.: 1:23-cv-22387-BB |
| **Plaintiff,** | |
| **vs.** | |
| **PATRIOT PICKLE, INC.,** | **JURY TRIAL DEMANDED** |
| **Defendant.** | |

### FIRST AMENDED VERIFIED COMPLAINT

Plaintiff Grillo's Pickles, Inc. ("Grillo's") by way of its First Amended Verified Complaint against defendant Patriot Pickle, Inc. ("Patriot"), alleges as follows:

### NATURE OF THE ACTION

1. Grillo's brings this action to enjoin Patriot from using recipes it has misappropriated from Grillo's to roll out a new, nationwide line of pickles, which threaten to cripple Grillo's business at one of its biggest retailers and harm its customer base irreparably.

2. In 2012, Grillo's entered into negotiations with Patriot regarding a potential co-packing relationship, wherein Patriot would manufacture, package, label, and ship a portion of Grillo's pickles. To protect Grillo's recipes, Patriot and Grillo's entered into a Mutual Nondisclosure Agreement under which Patriot promised to "maintain in trust and confidence and not disclose to any third party or use for any unauthorized purpose any" of Grillo's information, including its "formulas" and "processes." In the same agreement, Patriot agreed that Grillo's information "shall remain the property of [Grillo's]. . . ."

3. Thereafter, Grillo's entrusted Patriot with Grillo's proprietary recipes and manufacturing and packaging processes, and Patriot began to co-pack Grillo's pickles.

1

4.       While Patriot was co-packing for Grillo's, the parties also signed two other agreements in which Patriot agreed to maintain the secrecy of Grillo's recipes and processes.  The first agreement, signed in May 2015, stated, "the name, recipes and formulations for Grillo's Pickles remain the sole and exclusive property of Grillo's Pickles, LLC," and Patriot agreed "not to disclose any confidential information to anyone other than those who have a need to know." The second agreement, signed in August 2016, again stated, "the name, recipes and formulations for Grillo's Pickles remain the sole and exclusive property of Grillo's Pickles, LLC."

5.       Now, however, Grillo's has discovered Patriot is violating its agreements with Grillo's by using Grillo's proprietary recipes and processes to produce a new line of pickles under the Whole Foods 365 label and is in the process rolling out this new pickle line to stores across the United States.  As shown below, Patriot's new pickles are offered directly next to Grillo's pickles at Whole Foods, one of Grillo's biggest retailers, including in Whole Foods stores in the Southern District of Florida.  They list identical ingredients and nearly identical nutrition facts as Grillo's. And, most of the varieties are priced at over a 30% discount compared to Grillo's.



6.      In short, Patriot's use of recipes and processes stolen from Grillo's to roll out a nearly identically formulated line of pickles nationwide at one of Grillo's biggest retailers, at a lower price point, and during the highest grossing time of years for pickle sales, threatens to cripple Grillo's business and customer base irreparably.  It urgently must be stopped.

7.      Accordingly, Grillo's brings this action against Patriot for misappropriation of Grillo's confidential, proprietary, and trade secret information in violation of the Defend Trade Secrets Act, 18 U.S.C. § 1836 and the Florida Uniform Trade Secrets Act, Fla. Stat. §§ 688.001 et seq, and breach of contract.

8.      Given the irreparable harm Grillo's faces and the roll-out of Patriot's pickles that appears to be just beginning, Grillo's seeks emergency injunctive relief in addition to a permanent injunction and damages.

## PARTIES

9.      Plaintiff Grillo's is a corporation incorporated under the laws of Delaware with its principal place of business in Westwood, Massachusetts.  Grillo's was founded by Travis Grillo in 2008 when he began selling pickles using his grandfather's 100-year-old recipe out of a hand-built wooden cart on the streets of Boston.  Since then, Grillo's has evolved into a nationwide brand known for producing fresh pickles that do not contain artificial chemical preservatives. Customers choose Grillo's because they know that when they purchase Grillo's pickles, they are purchasing fresh pickles free from artificial preservatives.

10.     Defendant Patriot Pickle Inc. is a corporation incorporated under the laws of Delaware with its principal place of business in Wayne, New Jersey.  Among other things, a substantial amount of Patriot's business involves "co-packing."  In the packaged food industry, co-packing is a practice in which one company (the co-packer) contracts to manufacture, package, label, and ship food for brands owned by others.  As is relevant here, Patriot functions as a co-packer for Whole Foods 365 pickles.  By virtue of this co-packing relationship, Patriot manufactures, packages, labels and ships Whole Foods 365 pickles from Patriot's facility in

Wayne, New Jersey on behalf of Whole Foods.

**<u>JURISDICTION AND VENUE</u>**

11.     This Court has federal question jurisdiction over Grillo's claim arising under the Defend Trade Secrets Act, §§ 1836-39 *et seq.*, pursuant to 28 U.S.C. § 1331.  This court has supplemental jurisdiction over Grillo's state law claims pursuant to 28 U.S.C. § 1367.

12.     This Court also has specific personal jurisdiction over Patriot for the following reasons:

   a)   Since at least ██████████, Patriot has been planning to serve the Florida market for the Whole Foods 365 pickles at the heart of this suit, and thereby purposely directing its actions at Florida.  Specifically, ████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

██████████████████████

   b)   ███████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████



c)

d)  Patriot has also knowingly shipped at least over [redacted] containers of Whole

Foods 365 pickles into Florida, and continues to make regular shipments to Florida.  For instance:

    i. ████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
███████████████████████████████ ████ ███████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
██████████████████████████████████████

    ii. ████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
███████████ ████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
█████████████████████████████████ ██████████
████████████████████████████████████████████
██████████████████

    iii. ████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████

---

[1] ████████████████████████████████████████████
████████████████████

██████████████████████████████████████████

██████████████████████████████████████████

██████████████████████████████████████████

████████████████████████

    iv.    Upon information and belief Patriot continues to frequently and regularly ship ████████ of jars of Whole Foods 365 pickles.

13.    Venue in this Court is proper because "a substantial part of the events . . . giving rise to [Plaintiff's] claims occurred" in this district. 28 U.S.C. § 1391(b)(2). For instance:

    a)    Patriot's Whole Foods 365 pickles have been sold and are available for purchase at Whole Foods locations throughout this district. An example of such a purchase from the Whole Foods at 7930 SW 104th Street in Miami is memorialized below.



    b)    In fact, as shown below, Patriot's Whole Foods 365 pickles are offered for delivery directly to the zip code in which the C. Clyde Atkins and Wilkie D. Ferguson, Jr. Courthouses are located:



c)   Additionally, within Florida, Patriot's actions are inflicting the majority of injury to Grillo's in the Southern District.  This is because the concentration of stores selling Whole Foods 365 pickles in Florida is highest in the Southern District. As of the filing of this complaint, there are 17 Whole Foods stores in the Southern District selling the Whole Foods 365 pickles at the heart of this action. This is more Whole Foods stores than in the rest of Florida's federal judicial districts combined.

14.    The above described actions of Patriot cause Grillo's harm in this district and satisfy the requirements of Fla. Stat. § 48.193.

## FACTUAL ALLEGATIONS

### A.   Grillo's Trade Secret Recipes and Processes

15.    Grillo's recipes and processes for its delicious, all natural pickles were developed through a painstaking process over the course of many years.  Through iterations of trial and error, Grillo's has identified what it believes are the best recipes and processes to provide its customers with long-lasting, all natural pickles they love, without artificial preservatives.  The recipes and processes relevant for the current action include Grillo's recipes and processes for its "Hot Pickle Spears," "Pickle Spears," "Dill Pickle Chips," and "Whole Dills,"  including the ratios and amounts of each ingredient used to manufacture each type of pickle and the types of and specifications for the ingredients used to make each type of pickle.

16.    Thus, Grillo's has gone to great lengths to keep its recipes and processes confidential, and it restricts access to such information on a strictly need-to-know basis. For example, (1) Grillo's requires employees sign nondisclosure agreements before they join the company; (2) Grillo's maintains a separate operations section of its server that restricts who can review certain material (like the recipes to Grillo's various pickles); (3) Grillo's recipes' bill of materials is typically only handled by one high-level employee; and (4) all co-packers and vendors are required to sign nondisclosure agreements before Grillo's enters into serious discussions regarding the recipes and manufacturing processes for its pickles.

B.       **Grillo's and Patriot Begin a Co-Packing Relationship, and Patriot Promises to Maintain the Secrecy and Limit Its Use of Grillo's Proprietary Recipes and Processes**

17.      In 2012, Grillo's was seeking a copacker for its pickles and entered into negotiations with Patriot.   In connection with this, Grillo's and Patriot signed a Mutual Nondisclosure Agreement (attached hereto as **Exhibit I**) in which Patriot agreed to "maintain in trust and confidence and not disclose to any third party or use for any unauthorized purpose any Proprietary Information," which was defined to include all Grillo's information that was disclosed to Patriot, including Grillo's "formulas" and "processes." (Ex. I ¶ 3.)In the Mutual Nondisclosure Agreement, Patriot also agreed that:

> All Proprietary Information (including all copies thereof) shall remain the property of the disclosing party and shall be returned to the disclosing party after the receiving party's need for it has expired, or upon request of the disclosing party, and in any event, upon completion or termination of this Agreement. The receiving party further agrees to destroy all notes and copies thereof made by its officers and employees containing or based on any Proprietary Information and to cause all agents and representatives to whom or to which Proprietary Information has been disclosed to destroy all notes and copies in their possession that contain Proprietary Information.

(*Id.* ¶ 6.)

18.      Although the Mutual Nondisclosure Agreement stated, "[t]he term of this agreement is five (5) years" (*id.* ¶ 11), it also stated it would "remain in full force and effect until such time as [Grillo's and Patriot] mutually agree to terminate it" (*id.* ¶ 7).

19.      The Mutual Nondisclosure Agreement also stated:

> Each party hereby acknowledges and agrees that, in the event of any breach of this Agreement by the other party, including, without limitations, the actual or threatened disclosure of a disclosing party's Proprietary Information without the express written consent of the disclosing party, the disclosing party will suffer an irreparable injury such that no remedy at law will afford it adequate protection against or appropriate compensation for such injury. Accordingly, each party hereby agrees that the other party shall be entitled to specific performance of a receiving party's obligations under this Agreement as well as further injunctive

10

relief as may be granted by a court of competent jurisdiction.

(*Id.* ¶ 10.)

20.     Sometime thereafter, Grillo's engaged Patriot as one of the co-packers for Grillo's pickles.  To enable Patriot to properly manufacture and package Grillo's pickles, Grillo's trusted Patriot with Grillo's proprietary pickle recipes and specific manufacturing and packaging processes to produce pickles that do not contain artificial preservatives while still maintaining a lengthy shelf life.

21.     Subsequently, in a May 2015 agreement allowing Grillo's to store and maintain an ozone cleaning machine at Patriot's facility (attached hereto as **Exhibit J**), the parties agreed that the "name, recipes and formulations for Grillo's Pickles remain the sole and exclusive property of Grillo's Pickles, LLC."  (Ex. J ¶ 1.) That same agreement stated that the parties agreed not to "disclose any confidential information to anyone other than those who have a need to know." (*Id.* ¶ 2.)

22.     In an August 2016 addendum to the aforementioned ozone machine agreement (attached hereto as **Exhibit K**), the parties reiterated that the "name, recipes and formulations for Grillo's Pickles remain the sole and exclusive property of Grillo's Pickles, LLC."  (Ex. K.)

23.     Patriot continued as one of Grillo's copackers until the summer of 2021, when Grillo's ended the relationship.  To date, Grillo's and Patriot have not mutually terminated the Mutual Nondisclosure Agreement.

24.     Patriot has not returned all its copies of Grillo's trade secret recipes and processes. Upon information and belief, Patriot also has not destroyed all notes and copies thereof made by its officers and employees containing or based on Grillo's trade secret recipes and processes.

**C.     Patriot Discloses Grillo's Proprietary Trade Secret Recipes and Processes to Whole Foods and Begins Using Grillo's Recipes and Processes to Manufacture Nearly Identical Pickles**

25.     Sometime around May 2023, Patriot began manufacturing Whole Foods 365 pickles. It manufactures several varieties of pickles for Whole Foods 365, including, but not

limited to, "Dill Pickle Spicy Spears," "Dill Pickle Spears," "Dill Pickle Chips," and "Dill Pickle Whole."

26.     These pickles look and taste incredibly similar to Grillo's "Hot Pickle Spears," "Pickle Spears," "Dill Pickle Chips," and "Whole Dills."  Like Grillo's pickles, Whole Foods 365 pickles are also sold in the refrigerated section. The labels on these pickles reveal that Patriot's Whole Foods 365 pickles bear virtually identical nutritional information and are made from precisely the same ingredients as Grillo's pickles.

## Whole Foods 365 Dill Pickle Chips



## Grillo's Dill Pickle Chips



## Whole Foods 365 Dill Pickle Spicy Spears



## Grillo's Hot Pickle Spears



**Whole Foods 365 Dill Pickle Whole**



**Grillo's Whole Dills**



**Whole Foods 365 Dill Pickle Spears**



**Grillo's Pickle Spears**



27.     Additionally, upon testing Patriot's Whole Foods 365 "Dill Pickle Spicy Spears," "Dill Pickle Spears," "Dill Pickle Whole," and "Dill Pickle Chips," the resulting chromatograms from these pickles' organic acid profiles illustrate a nearly identical profile between Grillo's and Patriot's Whole Foods 365 pickles.

28.     Although Whole Foods 365 has sold pickles for many years, before 2023, Whole Foods 365 pickles were co-packed by Hermann Pickles.  When Whole Foods 365 used Hermann Pickles as its co-packer, the formula and the packaging for the aforementioned pickles was entirely different.  It was not until it began using Patriot as a co-packer that Whole Foods 365 pickles' formula and packaging became virtually identical to Grillo's pickles.

29.     Upon information and belief, Patriot used Grillo's confidential recipes and manufacturing processes (*i.e.* those for Grillo's "Hot Pickle Spears," "Pickle Spears," "Dill Pickle Chips," and "Whole Dills") to manufacture and ship Whole Foods 365 pickles, and in order to become Whole Foods' manufacturer, Patriot also disclosed these same confidential recipes and manufacturing processes to Whole Foods.

30.     Whole Foods 365 pickles (indicated below in yellow) are sold nationwide, including in this District. They occupy the same part of the grocery store as Grillo's pickles (indicated in red).



## COUNT I

## MISAPPROPRIATION OF TRADE SECRETS

### (Florida Uniform Trade Secrets Act)

31.     Grillo's repeats and realleges each and every allegation contained in the preceding paragraphs above as if fully set forth herein.

32.     This is an action for damages and injunctive relief pursuant to Florida's Uniform Trade Secrets Act, Fla. Stat. §§ 688.001-688.009.

33.     By virtue of its co-packing relationship, Patriot was entrusted with Grillo's trade secret recipes and manufacturing processes, which form the basis of Grillo's brand and are what differentiate Grillo's pickles from other brands on the market.   Those trade secrets derive independent economic value, actual and potential, from not being generally known or readily ascertainable by proper means by Grillo's competitors or other persons or entities who could obtain economic value from their disclosure or use.

34.     Patriot is, and at all relevant times was, bound to retain Grillo's trade secrets in strict confidence. In the Mutual Nondisclosure Agreement, Patriot agreed it would "maintain in trust and confidence and not disclose to any third party" Grillo's "formulas" and "processes." (Ex. I ¶¶ 1, 3.) And, in the May 2015 agreement, Patriot promised not to "disclose any confidential information to anyone other than those who have a need to know." (Ex. J ¶ 2.)

35.     Patriot also is, and at all relevant times was, bound to limit its use of Grillo's trade secrets. Pursuant to the terms of the Mutual Nondisclosure Agreement, Patriot was prohibited from "us[ing] for any unauthorized purpose" any of Grillo's "Proprietary Information," which included Grillo's "formulas" and "processes."   (Ex. I ¶¶ 1, 3.) And, in both the May 2015 and August 2016 agreements, Patriot agreed that the "name, recipes and formulations for Grillo's Pickles remain the sole and exclusive property of Grillo's Pickles, LLC." (Ex. J ¶ 1; Ex. K.)

36.     Grillo's has made reasonable efforts under the circumstances to maintain the secrecy of its recipes and manufacturing processes, including, but not limited to, (1) having all Grillo's employees sign nondisclosure agreements before they join the company; (2) maintaining

16

a separate operations section of the Grillo's server that restricts who can review certain material (like the recipes to Grillo's various pickles); (3) ensuring the recipes' bill of materials is typically only handled by one high-level employee; and (4) requiring all co-packers and vendors to sign nondisclosure agreements before Grillo's enters into serious discussions regarding the recipe and manufacturing process for its pickles.

37.     Patriot willfully and maliciously, and without authorization or consent from Grillo's, has shared Grillo's trade secrets with Whole Foods.

38.     Patriot willfully and maliciously, and without authorization or consent from Grillo's, is using Grillo's proprietary recipes and processes to manufacture and ship pickles on behalf of Whole Foods.

39.     As a direct and proximate result of the above-described actual and threatened misappropriations of Grillo's trade secrets, Grillo's has been damaged, for which it is entitled to compensatory and exemplary damages, and attorneys' fees, interest, costs, and any other relief deemed proper by the Court.

40.     Unless restrained, Patriot will continue to retain, misuse, and/or disclose, or threaten to retain, misuse, and/or disclose, Grillo's trade secrets to Grillo's detriment and substantial threat of impending injury.  Accordingly, Grillo's is entitled to obtain immediate injunctive relief to enjoin Patriot from its continued actual and threatened misappropriation of Grillo's proprietary recipes and processes.

41.     Accordingly, pursuant to Fla. Stat. § 688.003, Grillo's is entitled to obtain immediate injunctive relief to enjoin Patriot from its continued actual and threatened misappropriation of Grillo's proprietary recipes and processes.

## COUNT II

## MISAPPROPRIATION OF TRADE SECRETS

### (18 U.S.C. § 1836, et seq., "Defend Trade Secrets Act")

42.     Grillo's repeats and realleges each and every allegation contained in the preceding paragraphs above as if fully set forth herein.

43.    This is an action for damages and injunctive relief pursuant to the Defend Trade Secrets Act, 18 U.S.C. § 1836, et seq.

44.    By virtue of its co-packing relationship, Patriot was entrusted with Grillo's trade secret recipes and manufacturing processes, which form the basis of Grillo's brand and are what differentiate Grillo's pickles from other brands on the market.  Those trade secrets derive independent economic value, actual and potential, from not being generally known or readily ascertainable by proper means by Grillo's competitors or other persons or entities who could obtain economic value from their disclosure or use.

45.    Patriot is, and at all relevant times was, bound to retain Grillo's trade secrets in strict confidence. In the Mutual Nondisclosure Agreement, Patriot agreed it would "maintain in trust and confidence and not disclose to any third party" Grillo's "formulas" and "processes." (Ex. I ¶¶ 1, 3.) And, in the May 2015 agreement, Patriot promised not to "disclose any confidential information to anyone other than those who have a need to know." (Ex. J ¶ 2.)

46.    Patriot also is, and at all relevant times was, bound to limit its use of Grillo's trade secrets. Pursuant to the terms of the Mutual Nondisclosure Agreement, Patriot was prohibited from "us[ing] for any unauthorized purpose" any of Grillo's "Proprietary Information," which included Grillo's "formulas" and "processes."  (Ex. I ¶¶ 1, 3.) And, in both the May 2015 and August 2016 agreements, Patriot agreed that the "name, recipes and formulations for Grillo's Pickles remain the sole and exclusive property of Grillo's Pickles, LLC." (Ex. J ¶ 1; Ex. K.)

47.    Grillo's has made reasonable efforts under the circumstances to maintain the secrecy of its recipes and manufacturing processes, including, but not limited to, (1) having all Grillo's employees sign nondisclosure agreements before they join the company; (2) maintaining a separate operations section of the Grillo's server that restricts who can review certain material (like the recipes to Grillo's various pickles); (3) ensuring the recipes' bill of materials is typically only handled by one high-level employee; and (4) requiring all co-packers and vendors to sign nondisclosure agreements before Grillo's enters into serious discussions regarding the recipe and manufacturing processes for its pickles.

48.     Patriot willfully and maliciously, and without authorization or consent from Grillo's, has shared Grillo's trade secrets with Whole Foods.

49.     Patriot willfully and maliciously, and without authorization or consent from Grillo's, is using Grillo's proprietary recipes and processes to manufacture and ship pickles in interstate commerce on behalf of Whole Foods.

50.     As a direct and proximate result of the above-described actual and threatened misappropriations of Grillo's trade secrets, Grillo's has been damaged, for which it is entitled to compensatory and exemplary damages, and attorneys' fees as provided by 18 U.S.C. § 1836, interest, costs, and any other relief deemed proper by the Court.

51.     Unless restrained, Patriot will continue to retain, misuse, and/or disclose, or threaten to retain, misuse, and/or disclose, Grillo's trade secrets to Grillo's detriment and/or substantial threat of impending injury.  Accordingly, pursuant to 18 U.S.C. § 1836, Grillo's is entitled to obtain immediate injunctive relief to enjoin Patriot from its continued actual and threatened misappropriation of Grillo's proprietary recipes and processes.

## COUNT III

## BREACH OF CONTRACT

52.     Grillo's repeats and realleges each and every allegation contained in the preceding paragraphs above as if fully set forth herein.

53.     Grillo's and Patriot are parties to a May 2012 Mutual Nondisclosure Agreement under which Patriot promised to "maintain in trust and confidence and not disclose to any third party or use for any unauthorized purpose any" of Grillo's information, including its "formulas" and "processes." (Ex. I. at ¶¶ 1, 3.) That same contract required Patriot to (a) return Grillo's formulas and processes "after [Patriot's] need for it has expired, or upon request of [Grillo's], and in any event, upon completion or termination of [the Mutual Nondisclosure Agreement]" and (b) "destroy all notes and copies thereof made by its officers and employees containing or based on

any [of Grillo's formulas and processes] and to cause all agents and representatives to whom or to which [the formulas and processes] ha[ve] been disclosed to destroy all notes and copies in their possession that contain [the formulas and processes].  (*Id*. at ¶ 6.) Also, Patriot agreed in the May 2015 agreement not to "disclose any confidential information to anyone other than those who have a need to know." (Ex. J. ¶ 2.)

54.     Patriot failed to discharge its contractual obligations of confidentiality and not to use the recipes and processes for an unauthorized purpose. For instance, Patriot has disclosed Grillo's proprietary formulas and processes to Whole Foods and is using the same, without Grillo's authorization, to manufacture Whole Foods 365 pickles to compete directly with Grillo's.

55.     Patriot further failed to discharge its contractual obligations to return Grillo's formulas and processes "after [Patriot's] need for it has expired, or upon request of [Grillo's], and in any event, upon completion or termination of [the Mutual Nondisclosure Agreement]." (Ex. I at ¶ 6.)

56.     Upon information and belief, Patriot further failed to discharge its contractual obligations to "destroy all notes and copies thereof made by its officers and employees containing or based on any [of the formulas and processes] and to cause all agents and representatives to whom or to which [the formulas and processes] ha[ve] been disclosed to destroy all notes and copies in their possession that contain [the formulas and processes]."  (*Id*. at ¶ 6.)

57.     Grillo's has suffered monetary damages as a result of Patriot's breach.

58.     Patriot has also agreed that Grillo's would be irreparably harmed by a breach of the contract, and that in the case of such a breach, Grillo's "shall be entitled to specific performance of [Patriot's] obligations . . . as well as further injunctive relief as may be granted by a court of competent jurisdiction." (Ex. I ¶ 10.)

59.     Grillo's is thus entitled to preliminary and permanent injunctive relief prohibiting Patriot from further breaches of these agreements, and further demands judgment against Patriot for monetary damages in an amount to be proven at trial, interest, costs of this action, attorney fees, and for all further relief this Court deems just and proper.

## PUNITIVE DAMAGES

60.     To the extent the Court finds Patriot's conduct as alleged herein was willful and malicious, Grillo's seeks punitive damages.

## DEMAND FOR RELIEF

WHEREFORE, Grillo's respectfully requests that judgment be made and entered in its favor and against Patriot as follows:

(a)     An order in Grillo's favor against Patriot on all claims alleged herein;

(b)     An order awarding Grillo's general and special damages in an amount to be further proven at trial;

(c)     An order awarding Grillo's pre-judgment interest on any monetary relief;

(d)     An order awarding Grillo's exemplary and punitive damages against Patriot;

(e)     An order awarding Grillo's attorneys' fees and costs;

(f)     An order preliminarily enjoining Patriot from possessing, accessing, or using any of Grillo's confidential, proprietary, or trade secret information, including by manufacturing pickles using said information, or selling, shipping, or distributing said pickles;

(g)     An order permanently enjoining Patriot from possessing, accessing, or using any of Grillo's confidential, proprietary, or trade secret information, including by manufacturing pickles using said information, or selling, shipping, or distributing said pickles;

(h)     An order preliminarily and permanently ordering Patriot to remove from the market any pickles that were manufactured using any of Grillo's confidential, proprietary, or trade secret information;

(i)     An order preliminarily and permanently ordering Patriot to return all material containing or based on Grillo's trade secret recipes and processes and return or destroy all notes and copies thereof containing or based upon any of Grillo's trade secret recipes and processes and cause all its agents and representatives to whom Grillo's trade secret recipes and processes have been disclosed to destroy all notes and copies in their possession that contain Grillo's trade secret recipes and processes;

(j)     An order awarding any and all other available damages and such other and further relief as the Court deems just and proper.

<u>**DEMAND FOR JURY TRIAL**</u>

Grillo's hereby demands trial by jury on all issues which may be so tried.

DATED:  August 18, 2023          Respectfully submitted,

By   /s/ *Isabel Peraza*

Isabel Peraza (Fla Bar No. 1027356)
Quinn Emanuel Urquhart & Sullivan
1300 I Street N.W.
Suite 900
Washington, D.C. 20005
isabelperaza@quinnemanuel.com


Marshall M. Searcy III (pro hac vice)
Gregory A. Fuoco (pro hac vice)
Quinn Emanuel Urquhart & Sullivan
865 S. Figueroa St.
10th Floor
Los Angeles, CA 90017

## <u>VERIFICATION</u>

I, Adam Kaufman, declare as follows:

  1. I am the President of Grillo's Pickles, Inc. ("Grillo's"), Plaintiff in this action, and have served as an executive at Grillo's since May 2018.  I am familiar with the facts of this case and am authorized to verify this complaint on behalf of Grillo's.

  2. I have read the foregoing First Amended Verified Complaint and all the allegations contained therein, with the exception of certain portions of paragraph 12, which I understand contain material marked "Attorneys' Eyes Only" pursuant to the August 2, 2023 Discovery Confidentiality Order in this action.  Except as to (a) those certain portions of paragraph 12 and (b) the allegations alleged upon information and belief, which allegations I believe to be true, all the allegations in the First Amended Verified Complaint are true based on my knowledge, inquiries to and communications with other Grillo's employees and agents regarding the matters alleged in the First Amended Verified Complaint, and documents gathered by Grillo's attorneys and agents.

  I declare under penalty of perjury that the foregoing is true and correct.

  Executed on this 18th day of August, 2023, at Westwood, Massachusetts.

_____
Adam Kaufman
