UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 23-cv-22387-BLOOM/Otazo-Reyes

GRILLO'S PICKLES, INC.,

    Plaintiff,

v.

PATRIOT PICKLE, INC.,

    Defendant.

_____/

**ORDER ON PLAINTIFF'S MOTION TO FILE UNDER SEAL**

**THIS CAUSE** is before the Court upon Plaintiff Grillo Pickles, Inc.'s Motion for Leave to File Under Seal, ECF No. [37] ("Motion"), filed on August 18, 2023.

The Court has referred Defendant Patriot Pickle, Inc.'s ("Defendant") Motion to Dismiss Plaintiff's Complaint or, in the Alternative, to Transfer Venue, ECF No. [23], to Magistrate Judge Alicia M. Otazo-Reyes. ECF No. [29]. Plaintiff filed the Motion pursuant to Judge Otazo-Reyes's Discovery Confidentiality Order, ECF No. [35], and Local Rule 5.4(b)(1). ECF No. [37] at 1-2. In the Motion, Plaintiff states that Defendant Patriot Pickle, Inc. ("Defendant") produced documents and interrogatory requests that are all designated either as "Confidential" or "Attorney's Eyes Only" in response to Plaintiff's discovery requests, which Plaintiff propounded pursuant to another Order issued by Judge Otazo-Reyes ordering jurisdictional discovery, ECF No. [33] at 2. ECF No. [37] at 2.

Plaintiff further states that its First Amended Verified Complaint refers to information from some of the produced documents and it seeks to attach eight of those documents to that Complaint, Exhibits A through H ("Exhibits"). *Id.* at 2. The Motion therefore requests the Court grant the Motion to allow Plaintiff to file under seal a version of its First Amended Verified

Case No. 23-cv-22387-BLOOM/Otazo-Reyes

Complaint and the Exhibits. ECF No. [37-1].

In support of the Motion, Plaintiff asserts it does not "necessarily agree such documents and information are properly designated as such under the Discovery Confidentiality Order" but concludes Defendant will respond to the Motion with information that supports granting the Motion under the applicable legal standard. *Id.* at 3.

The Courts' discretion to determine the portions of the record that should be placed under seal is "guided by the presumption of public access to judicial documents." *Perez-Guerrero v. U.S. Att'y. Gen.*, 717 F.3d 1224, 1235 (11th Cir. 2013). "Public or judicial records are presumptively public, while documents which are not considered public or judicial records, such as discovery documents, are not." *Travelers Prop. Cas. Co. of Am. v. Barkley*, No. 16-61768-CIV, 2017 WL 4875911, at *1 (S.D. Fla. June 2, 2017) (citing *F.T.C. v. AbbVie Prods. LLC*, 713 F.3d 54 (11th Cir. 2013)). "Judges deliberate in private but issue public decisions after public arguments based on public records . . . . Any step that withdraws an element of the judicial process from public view makes the ensuing decision look more like fiat and requires rigorous justification." *Perez-Guerrero*, 717 F.3d at 1235 (quoting *Hicklin Eng'g, L.C. v. Bartell,* 439 F.3d 346, 348 (7th Cir. 2006)).

Here, the burden is on Plaintiff as the movant to demonstrate that an order to seal should be entered. *Jackson v. Equifax Info. Servs., LLC*, No. 113CV02382MHCRGV, 2015 WL 12698434, at *1 (N.D. Ga. Feb. 23, 2015). Plaintiff makes no attempt to do so but concludes it was constrained to file the Motion pursuant to the Discovery Confidentiality Order and Local Rule 6.4(b). ECF No. [37] at 3. As such, Plaintiff has not provided a "rigorous justification" to overcome the presumption of public access to the unredacted First Amended Verified Complaint and the Exhibits.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

Case No. 23-cv-22387-BLOOM/Otazo-Reyes

1. Plaintiff's Motion for Leave to File Under Seal, **ECF No. [37]**, is **DENIED**.

2. Plaintiff shall file its unredacted First Amended Verified Complaint, with attached Exhibits, on the public docket.

**DONE AND ORDERED** in Chambers at Miami, Florida on August 21, 2023.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record