UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:23-cv-22387-BLOOM/OTAZO-REYES

GRILLO'S PICKLES, INC.,

    Plaintiff,

v.

PATRIOT PICKLE, INC.,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

THIS CAUSE came before the Court upon Plaintiff Grillo's Pickles, Inc.'s ("Plaintiff" or "Grillo's") Motion for a Preliminary Injunction and Incorporated Memorandum of Law (hereafter, "Motion for Preliminary Injunction") [D.E. 9].  This matter was referred to the undersigned pursuant to 28 U.S.C. § 636 by the Honorable Beth Bloom, United States District Judge [D.E. 19].

On July 18, 2023, the undersigned held the Motion for Preliminary Injunction in abeyance pending Grillo's completion of limited jurisdictional discovery regarding this Court's assertion of personal jurisdiction over Defendant Patriot Pickle, Inc. ("Defendant" or "Patriot") and the propriety of venue in this district. See Order [D.E. 33].  On August 18, 2023, after the close of jurisdictional discovery, Grillo's filed an Amended Complaint [D.E. 36]; and on September 7, 2023, Patriot filed a Motion to Dismiss the Amended Complaint or, in the Alternative, to Transfer Venue and Incorporated Memorandum of Law (hereafter, "Motion to Dismiss or Transfer") [D.E. 42], arguing that the Amended Complaint is subject to dismissal for lack of personal jurisdiction, improper venue, non-compliance with Federal Rule of Civil Procedure 8(a)(2), and failure to state

a claim.  With respect to venue, Patriot argued in the alternative that the case should be transferred to the District of New Jersey pursuant to 28 U.S.C. § 1404(a).  Id.  The Motion to Dismiss or Transfer was also referred to the undersigned for a Report and Recommendation [D.E. 48].

The undersigned has now issued a Report and Recommendation on the Motion to Dismiss or Transfer, finding that this Court lacks personal jurisdiction over Patriot and that venue is improper in the Southern District of Florida; and recommending that the case be transferred to the District of New Jersey.  See Report and Recommendation [D.E. 61].

Should the undersigned's Report and Recommendation be adopted, the undersigned further RESPECTFULLY RECOMMENDS that Grillo's Motion for Preliminary Injunction [D.E. 9] be DENIED WITHOUT PREJUDICE to refile in the District of New Jersey.  See, e.g., Mak, LLC v. Vuozzo, No. 17-23310-CIV, 2017 WL 8315897, at *1 (S.D. Fla. Sept. 26, 2017) ("If personal jurisdiction does not exist, it is impossible for Plaintiff to proceed here and show a likelihood of success on the merits [of its motion for preliminary injunction].") (citation omitted); Flynn v. Craig, No. 14-62140-CIV, 2014 WL 11776958, at *9 (S.D. Fla. Dec. 23, 2014), report and recommendation adopted, 2015 WL 11197787 (S.D. Fla. Jan. 13, 2015) ("Because a transfer is recommended, it is further recommended that this Court deny Plaintiffs' Motion for Preliminary Injunction without prejudice to refile in the [transferee district].").

Pursuant to Local Magistrate Judge Rule 4(b), the parties have **fourteen days** from the date of this Report and Recommendation to file written objections, if any, with the Honorable Beth Bloom, United States District Judge.  Failure to file timely objections may bar the parties from attacking the factual findings contained herein on appeal.  See Resolution Tr. Corp. v. Hallmark Builders, Inc., 996 F.2d 1144, 1149 (11th Cir. 1993).  Further, "failure to object in accordance with the provisions of [28 U.S.C.] § 636(b)(1) waives the right to challenge on appeal the district

court's order based on unobjected-to factual and legal conclusions." See 11th Cir. R. 3-1 (I.O.P. - 3).

RESPECTFULLY SUBMITTED in Chambers at Miami, Florida, this 9th day of November, 2023.

ALICIA M. OTAZO-REYES  
UNITED STATES MAGISTRATE JUDGE

cc:     United States District Judge Beth Bloom  
        Counsel of Record