UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 23-cv-22387-BLOOM/Torres

GRILLO'S PICKLES, INC.,

    Plaintiff,

v.

PATRIOT PICKLE, INC.,

    Defendant.
_____/

## OMNIBUS ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATIONS

**THIS CAUSE** is before the Court upon Defendant Patriot Pickle, Inc.'s ("Defendant" or "Patriot") Motion to Dismiss the Amended Complaint or, in the Alternative, to Transfer Venue, ECF No. [42], filed on September 7, 2023 ("Motion to Dismiss or Transfer"); and Plaintiff Grillo's Pickles, Inc.'s ("Plaintiff" or "Grillo's") Motion for a Preliminary Injunction, ECF No. [9] ("Motion for Preliminary Injunction"), filed on June 30, 2023. The Motions were previously referred to the Honorable Alicia M. Otazo-Reyes for a Report and Recommendations ("R&R") on all dispositive matters. *See* ECF Nos. [19], [48]. On November 9, 2023, the Magistrate Judge issued two R&Rs recommending that the Motion to Dismiss or Transfer be granted in part and that the case be transferred to the United States District Court for the District of New Jersey, ECF No. [61] at 1; and that the Motion for Preliminary Injunction be denied without prejudice, ECF No. [62] at 1-2. Defendant filed an Objection to Judge Otazo-Reyes's R&R on the Motion to Dismiss or Transfer, ECF No. [63], but did not file an Objection to the R&R on the Motion for Preliminary Injunction. Plaintiff thereafter filed a Response to the Objection. ECF No. [64]. The Court has

considered the Motions, the R&Rs, the Objection, the Response, the record in this case, and the applicable law, and is otherwise fully advised.

## I. BACKGROUND

The Court assumes the parties' familiarity with the facts of this case but sets forth the necessary background to adjudicate the Motions and the R&Rs. In her R&R on the Motion to Dismiss or Transfer, Judge Otazo-Reyes recommends that this Court dismiss the Amended Complaint, ECF No. [36], for lack of jurisdiction. ECF No. [61] at 14 ("Because [Plaintiff] has . . . failed to meet the due process 'minimum contacts' requirement, [Plaintiff] has not shown that this Court has personal jurisdiction over [Defendant]."). Alternatively, Judge Otazo-Reyes recommends that the case be transferred to the District of New Jersey pursuant to Section 1404(a) on the ground that venue in this district is improper. *Id.* at 15-16. Judge Otazo-Reyes alternatively recommended that the Amended Complaint be dismissed without prejudice for failure to comply with Rule 8(a)(2) of the Federal Rules of Civil Procedure. *Id.* at 21-22. Finally, Judge Otazo-Reyes alternatively recommended that the Court deny without prejudice the Motion to Dismiss or Transfer based on Plaintiff's failure to state a cognizable claim. *Id.* at 22-25.

Defendant objects to the reasoning in the R&R on the Motion to Dismiss or Transfer to the extent it recommends that the Amended Complaint not be dismissed for failure to state a claim for relief, arguing that this Court must not reach the merits of the Amended Complaint if the Court agrees it lacks personal jurisdiction over this action. ECF No. [63] at 3-4. Plaintiff responds that Defendant's disagreements with the reasoning in the R&R on the Motion to Dismiss or Transfer are not an appropriate basis for objecting to the R&R because the reasoning of which Defendant complains has no preclusive effect under the doctrine of *res judicata* and is dicta in any event. ECF No. [64] at 2.

Judge Otazo-Reyes also entered an R&R on the Motion for a Preliminary injunction, recommending that Plaintiff's Motion for a Preliminary Injunction, ECF No. [9], be denied without prejudice to refile in the District of New Jersey. ECF No. [62] at 2.

## II.   LEGAL STANDARD

"In order to challenge the findings and recommendations of the magistrate judge, a party must file written objections which shall specifically identify the portions of the proposed findings and recommendation to which objection is made and the specific basis for objection." *Macort v. Prem, Inc.*, 208 F. App'x 781, 783 (11th Cir. 2006) (quoting *Heath v. Jones*, 863 F.2d 815, 822 (11th Cir. 1989)) (alterations omitted). The objections must also present "supporting legal authority." S.D. Fla. L. Mag. J. R. 4(b). The portions of the report and recommendation to which an objection is made are reviewed *de novo* only if those objections "pinpoint the specific findings that the party disagrees with." *United States v. Schultz*, 565 F.3d 1353, 1360 (11th Cir. 2009); *see also* Fed. R. Civ. P. 72(b)(3). If a party fails to object to any portion of the magistrate judge's report, those portions are reviewed for clear error. *Macort*, 208 F. App'x at 784 (quoting *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999)); *see also Liberty Am. Ins. Grp., Inc. v. WestPoint Underwriters, L.L.C.*, 199 F. Supp. 2d 1271, 1276 (M.D. Fla. 2001). A district court may accept, reject, or modify a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1).

## III.   DISCUSSION

As a preliminary matter, the Court notes that Judge Otazo-Reyes addressed the arguments raised in the parties' submissions in order to provide a fulsome recommendation since, as a general matter, a district court may reject or modify a magistrate judge's report and recommendations. 28 U.S.C. § 636(b)(1). Upon a *de novo* review of the reasoning in the R&R on the Motion to Dismiss or Transfer and the record in this case, *see Williams v. McNeil*, 557 F.3d 1287, 1291 (11th Cir.

3

2009) (citing 28 U.S.C. § 636(b)(1)), the Court finds the Objection is without merit. The parties agree with the R&R to the extent it recommends that this action be dismissed without prejudice for lack of personal jurisdiction. Regarding that issue, the Court finds the R&R on the Motion to Dismiss and Transfer to be well reasoned and correct.

Separately, it is established in this Circuit that "a defendant that is not subject to the jurisdiction of the court cannot be bound by its rulings[.]" *Courboin v. Scott*, 596 F. App'x 729, 735 (11th Cir. 2014) (citing *Republic of Panama v. BCCI Holdings (Luxembourg) S.A.*, 119 F.3d 935, 940 (11th Cir.1997); *Madara v. Hall*, 916 F.2d 1510, 1514 & 1514 n.1 (11th Cir. 1990)). As a result, because the Court agrees it lacks jurisdiction, it follows that it would be inappropriate for the Court to pass upon Judge Otazo-Reyes's other recommendations. Nevertheless, because the Court agrees it lacks jurisdiction, it concludes it should adopt the R&R on the Motion to Dismiss or Transfer's ultimate conclusion and grant the motion in part, even as the Court declines to consider the R&R's reasoning in its entirety.

Moreover, because neither party objects to the R&R on the Motion for a Preliminary Injunction and because, on a *de novo* review, the Court finds that R&R to be well-reasoned and correct, it will adopt that R&R and deny without prejudice the Motion for Preliminary Injunction.

## IV.    CONCLUSION

Accordingly, it is **ORDERED and ADJUDGED** as follows:

1. The R&R on the Motion to Dismiss or Transfer, **ECF No. [61]**, is **ADOPTED**.

2. The Motion to Dismiss or Transfer, **ECF No. [42]**, is **GRANTED IN PART AND DENIED IN PART**.

3. The Amended Complaint, **ECF No. [36]**, is **DISMISSED FOR LACK OF PERSONAL JURISDICTION**.

4. The R&R on the Motion for Preliminary Injunction, **ECF No. [9]**, is **ADOPTED**.

Case No. 23-cv-22387-BLOOM/Torres

5. The Motion for a Preliminary Injunction**, ECF No. [9]**, is **DENIED WITHOUT PREJUDICE**.

6. The Clerk shall **CLOSE** this case.

**DONE AND ORDERED** in Chambers at Miami, Florida, on December 5, 2023.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record